Burton M. Bentley, Esq. (Bar No. 00980)
**BURTON M. BENTLEY, P.C.**
5343 North 16th Street, Suite 480
Phoenix, Arizona 85016
(602) 861-3055
(602) 861-3230 fax

Attorney for Defendant Lankford

# IN THE UNITED STATES DISTRICT COURT

# IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAWRENCE J. WARFIELD, RECEIVER,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL ALANIZ, et al.<br><br>　　　　　　　　　　　　　Defendants. | CAUSE NO. CIV'03 2390 PHX JAT<br><br>RESPONSE TO RECEIVER'S FIRST REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS TO:<br><br>DWIGHT LANKFORD<br><br>(Assigned to Hon. James A. Teilborg) |

In response to the Receiver's First Request for Production and Request for Admissions, Defendant Dwight Lankford, by and through undersigned attorney, does hereby reply to the numbered requests *in seriatim*, except as objected to and except as otherwise indicated below. The term "Defendant" may refer to the person(s) above named as responsive to this Discovery Request.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that you have received a copy of the Order Appointing Lawrence J. Warfield as Receiver for Mid-America Foundation, Mid-America Financial Group, and other defendants named in the Receivership Order.

RESPONSE:

　　Admit.

Exhibit 105

RESPONSE.

    Denied. Received confirmation from the IRS as to Mid-America Foundation's tax-exempt status (National Community Foundation).

**REQUEST NO. 24.** Admit that prior to your sale of Mid-America Foundation CGAs, you did not possess an audited financial statement for Mid-America Foundation or Mid-America Financial Group prepared by a certified public accountant who acted independently of Mid-America Foundation or Mid-America Financial Group or persons/entities related to these entities.

RESPONSE.

    Admit.

**REQUEST NO. 25.** Admit that prior to your sale of Mid-America Foundation CGAs, you did not receive any information from any person independent of Mid-America Foundation or Mid-America Financial Group or those associated with these two entities, confirming Mid-America Foundation's compliance with federal securities regulations or their exemption from such regulations.

RESPONSE

    Objection. Irrelevant. Vague and ambiguous as to which "securities regulations" are inferred, i.e., '33 Act, '34 Act, '40 Investment Company Act, '40 Investment Advisors Act, PPA Act, etc.

**REQUEST NO. 26.** Admit that prior to your sale of Mid-America Foundation CGAs, you did not receive any information from any person independent of Mid-America Foundation, or Mid-America Financial Group or those associated with these two entities, regarding Mid-America Foundation's compliance with any state insurance regulations or their exemption from such regulations regarding the sale of CGAs.

RESPONSE

    Objection. Irrelevant as to state insurance law.

**REQUEST NO. 27.** Admit that prior to your sale of Mid-America Foundation CGAs, you did not receive any information from any person independent of Mid-America Foundation or Mid-America Financial Group or those associated with these two entities, regarding Mid-America Foundation's compliance with the State of California insurance regulations or their exemption from such regulations regarding the sale of CGAs.

RESPONSE:

Denied.

Dated at Phoenix, Arizona this 28 day of July, 2005.

BURTON M. BENTLEY, P.C.

Burton M. Bentley
Attorney for Defendant Lankford

ORIGINAL of the foregoing mailed this 28 day of July, 2005, to:

Ryan W. Anderson, Esq.
Guttilla & Murphy, PC
4150 West Northern Avenue
Phoenix, AZ 85051
Attorneys for the Receiver

and a copy to:

Robert Tretiak
4615 North Ft. Apache Road
Las Vegas, NV 89129
Defendant Pro Se

David Knutson
First Financial Center, Ltd.
119 Third Street, N.E. #333
Cedar Rapids, IA 52401
Defendant Pro Se

Allen L. Rausch
Rausch Financial Services, Inc.
103 2nd Street
Van Horne, IA 52342
Defendant Pro Se

David Tigges
First Financial Center, Ltd.
119 Third Street, N.E. #333
Cedar Rapids, IA 52401
Defendant Pro Se

1. David L. Kagel, Esq.
John Torbett, Esq.
2. Law Offices of David L. Kagel
1801 Century Park East, Suite 2500
3. Los Angeles, CA 90067
Attorney for Paul Pichie
4.
5. Bruce F. Walters
2606-C West Roosevelt Boulevard
6. Monroe, NC 28110
Pro Per
7.
Martin D. Koczanowicz
8. Larry Alvin Donaldson
Koczanowicz & Donaldson
9. 40061 Highway 49, Suite 101
Oakhurst, CA 93644
10. Attorneys for Ron Tucker

12. *Michele Henderson* (signature)



**Texas Department of Insurance**
Financial, Company Licensing & Registration, Mail Code 305-2C
333 Guadalupe • P. O. Box 149104, Austin, Texas 78714-9104

STATE OF TEXAS             §
                           §
COUNTY OF TRAVIS           §

## OFFICIAL NEGATIVE CERTIFICATION

I, Jeff Hunt, am Custodian of Records of the Company Licensing & Registration Division of the Texas Department of Insurance, pursuant to Commissioner Delegation Order No. 01-0692. I hereby certify that the Company Licensing & Registration Division regularly maintains a record of all Certificates of Authority issued pursuant to Chapter 801 of the Texas Insurance Code. I further certify that a diligent search of the records maintained by the Company Licensing & Registration Division of the Texas Department of Insurance failed to disclose that MID-AMERICA FOUNDATION, INC. possesses or has ever possessed the authority to conduct the business of insurance as an insurer, Health Maintenance Organization, or Multiple Employer Welfare Arrangement in the State of Texas. I further certify that no record has been found showing that MID-AMERICA FOUNDATION, INC. or MID-AMERICA FINANCIAL GROUP, INC. provided notice to the Texas department of insurance certifying MID-AMERICA FOUNDATION, INC.'S or MID-AMERICA FINANCIAL GROUP, INC.'S non-profit and tax exempt status or setting forth any other information relating to the sale of charitable gift annuities in the state of Texas.

IN TESTIMONY WHEREOF, witness my hand and seal of the Texas Department of Insurance at Austin, Texas, this 7th day of November 2005.

MIKE GEESLIN
COMMISSIONER OF INSURANCE

BY: _____
Jeff Hunt, Admissions Officer
Company Licensing & Registration Division
Order No. 01-0692

Exhibit 106

Burton M. Bentley, Esq. (Bar No. 00980)
**BURTON M. BENTLEY, P.C.**
5343 North 16th Street, Suite 480
Phoenix, Arizona 85016
(602) 861-3055
(602) 861-3230 fax

Attorney for Defendant Leonard Bestgen

RECEIVED AUG - 8 2005 ...LA & MURPHY

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAWRENCE J. WARFIELD, RECEIVER, | CAUSE NO. CIV'03 2390 PHX JAT |
| Plaintiff, | RESPONSE TO RECEIVER'S FIRST SET OF INTERROGATORIES TO: |
| vs. | |
| MICHAEL ALANIZ, et al. | LEONARD BESTGEN |
| Defendants. | (Assigned to Hon. James A. Teilborg) |

In response to the Receiver's First Set of Interrogatories, Defendant Leonard Bestgen, by and through undersigned attorney, does hereby reply to the numbered requests *in seriatim*, except as objected to and except as otherwise indicated below. The term "Defendant" may refer to the person(s) above named as responsive to this Discovery Request.

**General Objections**

A.   Defendant objects to paragraph (a) of the Instructions and Definitions that requires furnishing "any additional information" acquired by the Rada Defendants. But that is not what is required by Rule 26(e), Federal Rules of Civil Procedure, which requires only the following information to be supplemented: "incomplete or incorrect information." An instruction that the interrogatories are continuing or purporting to impose a duty to supplement is

Exhibit 107

BMB2397-2420.

**INTERROGATORY NO. 7.** Identify all information Robert Dillie or any other representative of Mid-America Foundation or Mid-America Financial Group provided to you regarding Mid-America Foundation or Mid-America Financial Group.

ANSWER:

See Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8.** Identify all information you sought or obtained from sources *other than* Robert Dillie or other representatives of Mid-America Foundation or Mid-America Financial Group, regarding Mid-America Foundation or Mid-America Financial Group or any of their key employees or officers and directors, and state the identity of the sources for all such information that you obtained including the name and address of any person who is referenced in your answer or the name and date of any publication referenced in your answer.

ANSWER:

Cannot recall.

**INTERROGATAORY NO. 9.** Identify all expenses paid for you by Mid-America Foundation or Mid-America Financial Group together with the date the expense was incurred, the reason the expense was incurred, and where the expense was incurred.

ANSWER:

None.

**INTERROGATORY NO. 10.** Describe in detail the specific amount of money, property, or any form of payment or other asset that you have ever received from Mid-America Foundation or Mid-America Financial Group, or Robert Dillie in connection with the sale of a CGA by Mid-America Foundation including the date of receipt of each payment, what entity made the payment and whether the payment was made directly to you or indirectly through your employer or other person (if the latter applies, identify the employer or other person).

ANSWER:

| Owner | CGA # | Commission | Date | Commission Paid By | Initial Premium | Contract Date |
|---|---|---|---|---|---|---|
| Helen L. Fetzer | 20645 | $16,000.00 | 12/9/98 | Mid-America | $200,000.00 | 12/9/98 |
| Helen L. Fetzer | 20646 | $16,000.00 | 12/9/98 | Mid-America | $200,000.00 | 12/9/98 |
| Helen L. Fetzer | 20647 | $16,000.00 | 12/9/98 | Mid-America | $200,000.00 | 12/9/98 |
| Helen L. Fetzer | 20648 | $16,000.00 | 12/9/98 | Mid-America | $182,985.26 | |
| Elizabeth Bright | 20610 | $11,871.19 | 10/8/98 | Mid-America | $148,389.95 | |
| Elizabeth Bright | 20611 | $4,330.42 | 10/16/98 | Mid-America | $54,130.25 | 10/16/98 |

- 4 -

| Owner | CGA # | Commission | Date | Commission Paid By | Initial Premium | Contract Date |
|---|---|---|---|---|---|---|
| Gary Bright | 20612 | $14,041.09 | 10/16/98 | Mid-America | $140,410.94 | |
| Gary Bright | 20618 | $5,960.72 | 10/21/98 | Mid-America | $74,508.99 | 10/21/98 |
| Ivan S. Meyers | 20548 | $4,044.90 | 5/21/98 | Mid-America | $67,415.00 | 5/20/98 |
| | TOTAL | $104,248.32 | | | | |

**INTERROGATORY NO. 11.** Set forth all relevant facts surrounding the establishment of your relationship with the donors/purchasers to whom you recommended a CGA from Mid-America Foundation. Specifically, for each person, identify the person(s), state how and when you met the person and describe your relationship to/with each person.

ANSWER:

| Donor's Name | When Met | How Met |
|---|---|---|
| Helen L. Fetzer | November 1998 | Updating family trust |
| Elizabeth Bright | October 1998 | Updating family trust |
| Gary Bright | October 1998 | Updating family trust |
| Ivan S. Meyers | May 1998 | Updating family trust |

**INTERROGATORY NO. 12.** As to each of the donors/purchasers you identified in your answer to preceding Interrogatory No. 11, provide their ages, or an estimate of their ages, at the time you recommended they purchase a CGA from Mid-America Foundation together with the financial or other goals of said donors/purchasers as communicated to you by them and upon which your recommendation was based.

ANSWER:

| Donor's Name | Age | Financial or Other Goals |
|---|---|---|
| Helen L. Fetzer | 73 | To provide a monthly income from NSL Annuity & Life, ING USA Annuity & Life and to convert a mortgage receivable that was in default into a CGA; to fulfill charitable desires. |
| Elizabeth Bright<br>Gary Bright | 60<br>87 | To provide a monthly income from annuities purchased from Alliance Life Insurance Company, Mid-America Foundation and American Equity Insurance Company; to fulfill charitable desires. |
| Ivan S. Meyers | 72 | To provide a monthly income greater than a CD; to fulfill charitable desires. |

**INTERROGATORY NO. 13.** Identify each fact, representation, document, or electronic data, including the identity of the person who made the representation or created the document or electronic data, and the approximate date of the representation, document, or electronic data which you considered in deciding to recommend a CGA issued by Mid-America Foundation to those donors/purchasers identified in your response to Interrogatory No. 11.

///

ANSWER:

    Arizona Department of Insurance (May 1998) – Neither Mid-America Insurance nor Mid-America Foundation were targets of derogatory remarks – "clean bill" given.

    Arizona Corporation Commission (May 1998) – no derogatory remarks.

    Arizona Department of Securities (May 1998) - Neither Mid-America Insurance nor Mid-America Foundation under investigation – "clean bill."

    Charitable organizations contacted, but specifics forgotten (May 1998) – Neither Mid-America Insurance nor Mid-America Foundation had any derogatory remarks against them – "clean bill."

    Mutual of Omaha (May 1998) - Dillie promised to have all CGA's re-insured by either Mutual of Omaha or Western Reserve Life

**INTERROGATORY NO. 22.**  Identify your education, training, and all professional licenses you hold or have ever held including the date of issuance of all diplomas and licenses, the dates of the expiration of any licenses, the date of any suspensions, revocations or other disciplinary action regarding any licenses and the reason for such regulatory action.

ANSWER:

    Formal Education:
    Colorado University (1953-54, 1956)
    Oklahoma University (1951)
    Attended several universities and took many different courses

    State Licenses:
    Arizona Department of Insurance (1991-present)
    No suspicions, revocations or disciplinary actions.

**INTERROGATORY NO. 23.**  State whether any of the CGAs sold to persons identified in preceding Interrogatory No. 11 was a replacement for a previously owned annuity or insurance policy and, if so, identify the company that issued the previously owned annuity or insurance policy.

ANSWER:

    Not a replacement.

- 8 -

of your interrogatory answers. Arrange your answers in categories by each numbered interrogatory, e.g. as to Interrogatory No. 26, I wrote to Ms. Smith of the Arizona Insurance Department on January 1, 1997 and requested written verification showing that Mid-America Foundation was authorized to sell CGAs in Arizona.

ANSWER:

Objection. Overly burdensome. Vague and indefinite. Plaintiff can find this information as easily or as time-consumingly as Defendant.

**INTERROGATORY NO. 29.** State whether you ever requested a financial statement for Mid-America Foundation, Inc. or Mid-America Financial Group, prepared by an independent certified public accountant and if so, provide the date(s) of the request(s), to whom the request was directed, the method of communication of the request, and the information received in response to the request and identify who provided the information and the date of receipt of the information.

ANSWER:

Yes, requested of Robert Dillie, who promised as of December 31, 1998.

Dated at Phoenix, Arizona this 5th day of Aug, 2005.

BURTON M. BENTLEY, P.C.

Burton M. Bentley
Attorney for Defendant Bestgen

ORIGINAL of the foregoing mailed this 5th day of Aug, 2005, to:

Ryan W. Anderson, Esq.
Guttilla & Murphy, PC
4150 West Northern Avenue
Phoenix, AZ 85051
Attorneys for the Receiver

and a copy to:

Robert Tretiak
4615 North Ft. Apache Road
Las Vegas, NV 89129
Defendant Pro Se

Burton M. Bentley, Esq. (Bar No. 00980)
**BURTON M. BENTLEY, P.C.**
5343 North 16th Street, Suite 480
Phoenix, Arizona 85016
(602) 861-3055
(602) 861-3230 fax

Attorney for Defendants Bestgen

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAWRENCE J. WARFIELD, RECEIVER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ALANIZ, et al.<br><br>Defendants. | CAUSE NO. CIV'03 2390 PHX JAT<br><br>DECLARATION OF LEONARD BESTGEN IN SUPPORT OF ANSWERS TO INTERROGATORIES |

I, Leonard Bestgen, being first duly sworn, upon oath, depose and state as follows:

I am one of the Rada Defendants in the foregoing matter; I have read the foregoing Answers to Plaintiff's Interrogatories and know the contents thereof; that the contents therein are true to the best of my knowledge, except as to those matters therein stated upon information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 28TH day of July, 2005.

_/s/ Leonard Bestgen_
Leonard Bestgen

# MID-AMERICA FOUNDATION
## GIFT ANNUITY AGENT COMPENSATION AGREEMENT
## STOCK OPTION PROGRAM

MID-AMERICA FOUNDATION and LEN BESTGEN hereinafter referred to as "the Agent", hereby agree and acknowledge to the following terms and conditions effective this _14TH_ day of _April_, 1998:

## PRIOR AGREEMENTS

It is expressly understood that this contract does not supersede any prior agreements between Mid-America Foundation and the Agent. Any prior agreements between Mid-America Foundation and Agent shall remain in full force and effect except where expressly modified by this contract and in the case of conflict, this contract shall control. Any agreement relative to compensation payable under existing business previously issued shall continue to be paid in accordance with the terms thereof.

## GENERAL PROVISIONS

1. Agent acknowledges and warrants that pursuant to the terms of this Agreement he is an agent of Mid-America Foundation.

2. Agent acknowledges and agrees that Agent will duly and properly advise all Mid-America Foundation clients of any and all appropriate investment opportunities prior to client executing a Gift Annuity Contract.

3. Agent shall act in the client's best interest and operate in good faith at all times.

4. Nothing in this contact shall create, or be construed to create, the relationship of employer and employee between Mid-America Foundation and Agent.

5. Agent warrants that Agent is licensed by all applicable governmental agencies having jurisdiction as needed and shall operate Agent's business in strict conformance with all applicable laws and regulations.

6. Any sales material, supplies, advertising or printed promotional matter mentioning Mid-America Foundation by name may be used, or permitted to be used, only with the company's prior written approval.

Stock Option Agreement
Page 2

## AUTHORIZATION

Agent is authorized to solicit and submit applications for Gift Annuity Contracts subject to the rates, rules and regulations of Mid-America Foundation in effect as of this date and to any changes which Mid-America Foundation may make from time to time. Mid-America Foundation reserves the right to accept or reject, in its absolute discretion, any such applications for Gift Annuity Contracts.

## COMMISSION

Mid-America Foundation shall pay to the Agent a commission as set forth on Commission Addendum A.

## MODIFICATION

Mid-America Foundation reserves the right to alter, amend, modify, or terminate this Agreement, and its commission schedule at any time without prior notice to Agent.

Any alteration, amendment, modification or termination will have prospective application only and will not affect commissions or trailer commissions due at the time of said schedule change.

## TERMINATION

1. Mid-America Foundation reserves the right to terminate this contract for cause at any time without prior notice.

2. This contract may be terminated for cause, if Agent subjects Mid-America Foundation or its agents to liability due to: (i) Agent's misfeasance or malfeasance, (ii) an act of embezzlement, (iii) failure to comply with the laws, rules or regulations of any Federal, State or other governmental agency or body having proper jurisdiction, (iv) failure to conform to the rules and regulations of Mid-America Foundation promulgated from time to time, or (v) commission of any fraud.

Stock Option Agreement
Page 3

## INDEBTEDNESS

Any sum that may be advanced or loaned to the Agent by Mid-America Foundation and any charge-backs or other debts to Agent's commission account as any be shown on the records of Mid-America Foundation, whether arising under this contract or otherwise, shall be and become a debt of the Agent to Mid-America Foundation. Any such indebtedness to the company, as well as any court costs and attorney fees incurred by Mid-America Foundation due to Agent's malfeasance or illegal acts, shall be repayable in full by the Agent and shall constitute a first lien on any commission or other compensation due or to become due to the Agent under this contract or otherwise and may be deducted from commission or other compensation to become due to the Agent.

## INDEMNIFICATION

Agent hereby agrees to indemnify and hold harmless Mid-America Foundation from any fraudulent or intentional acts and the subsequent results as a result of Agent's conduct.

## ENTIRE AGREEMENT

This Agreement **and the attached Stock Option Program Confidentiality Agreement,** sets forth all (and is intended by the parties to be an integration of all) of the representations, promises, agreements and understandings between the parties hereto, whether written or oral, and there are no representation, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein.

DATED: April 14/1998
(Signature)

LEN BESTGEN
(Print)

DATED: 5/10/98
MID-AMERICA FOUNDATION
By: Robert R. Dillie, Executive Director

BMB 928

# THE MID-AMERICA FOUNDATION, INC
# STOCK OPTION PROGRAM
# CONFIDENTIALITY AGREEMENT

THIS AGREEMENT is hereby entered into this __14th__ day of __April__, 1998, by and between MID-AMERICA FOUNDATION, INC., Delaware non-profit corporation, (hereinafter referred to as "MID-AMERICA") and LEN BESTGEN, agent.

The parties desire to enter into a limited agency agreement for the purpose of marketing the Mid-America Foundation Stock Option Program and the issuance of Charitable Gift Annuities. Agent will use and benefit from leads provided by Mid-America Foundation (at Mid-America Foundation's cost), which information is closely monitored by the Securities and Exchange Commission. It is acknowledged that Agent may work with sub-agent under Agent's control.

WHEREAS, Mid-America has contracted with a third-party for database information relative to common stock holdings and related information for the benefit of Mid-America and its agents, and the information obtained from said third-party is highly confidential and is proprietary in nature, and said third-party has required Mid-America to execute a confidentiality agreement with regard to the dissemination and use of the database information and related to common stock holdings and transactions.

Agent shall receive said proprietary and confidential information relating to common stock holdings and transactions in an effort to procure joint business prospects and opportunities for Agent and Mid-America relative to Mid-America's Stock Option Program.

Agent agrees to maintain the confidentiality of said information and shall not use the information provided for any purpose except the joint marketing effort. Agent will not sell or give this information to any person not under his/her immediate control.

NOW IN CONSIDERATION OF THE MUTUAL PROMISES MADE BY THE PARTIES HEREIN, IT IS HEREBY AGREED TO AS FOLLOWS:

1. Agent shall use any and all information received from Mid-America for the exclusive purpose of generating prospects and business for Mid-America under the Mid-America Stock Option Program. Agent may, but shall not be required, to solicit other Mid-America products, including but not limited to, trusts, advanced planning documentation, and insurance or commercial annuity products.

Jerry\stock option\confidentiality agreement2

Exhibit 109

BMB 923

2. Mid-America does not warrant the accuracy of the information, and disclaims any and all liability from incorrect information which may be forwarded to Agent. Mid-America shall be held harmless and indemnified against any loss relative to any causes of action which result against Agent relative to the use of said information.

3. If any provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed and enforced as if such provision had not been included.

4. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Arizona. This Agreement may not be assigned without the prior written consent of each party hereto.

5. No modification to this Agreement shall be effective unless it is in writing and is properly executed by each party hereto.

6. This Agreement sets forth all (and is intended by the parties to be an integration of all) of the representations, promises, agreements and understanding between the parties hereto, whether written or oral, and there are no representation, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein, and as contained in attached Compensation Agreement.

_____ (Signature)   Date: 4-14-98

MID-AMERICA FOUNDATION, INC.

BY: _____   Date 5/10/98