# EXHIBIT A
# TO
# SEPARATE STATEMENT
# OF FACTS

KERHER, Ronald.

JUN 2 9 1999



# MID-AMERICA COMPANIES

STRENGTH and CONFIDENCE THROUGH EXPERIENCE

# INDEPENDENT ASSOCIATE AGREEMENT

8630 East Via de Ventura • Suite 100 • Scottsdale, Arizona 85258-3358
800-535-7722 • 480-483-7722 • Fax: 480-483-2063
website: www.mid-americacompanies.com
e-mail: mkt@mid-americatrust.com

© 1999 Mid-America Companies • Scottsdale, AZ
No portion of this agreement can be copied without the express written consent of Mid-America Companies

#3

# ASSOCIATE PERSONAL INFORMATION

**(PLEASE USE PEN AND PRINT CLEARLY)**

Name: _Kerher     Ronald   A._
LAST                FIRST                                  M.I.

☒Individual  ☐ Partnership  ☒Corporation

**If a Partnership or Corporation, provide business name and title of authorized signer:**

Business Name: _Kerher-Frazier Financial_  Fed Tax ID Number: _46-0431292_

Business Address: _335 N Main Avenue  #200_

City: _Sioux Falls_  State: _SD_  Zip: _57104-6038_

Business Telephone: (_605_) _330-0061_  Business Fax: (_605_) _330-0365_

Home Address: _308 E Glenwood Drive_

City: _Brandon_  State: _SD_  Zip: _57005_

Home Telephone: (_605_) _582-3312_  Home Fax: (___)_____

Date of Birth: _12_/_06_/_57_ ☒Male ☐ Female  S.S. Number: _503-174-8694_

Spouse's Name: _____  S.S. Number: _____

# ASSOCIATE LICENSE INFORMATION

**(PLEASE INCLUDE A COPY OF CURRENT LICENSE)**

Your Broker/Dealer is: _Royal Alliance Associates_

Securities License: State: _SD_  License No.: ____  Exp Date: ____  License Type: _7/65/63/24_

Insurance License: State: _SD_  License No.: _A503748694_ Exp Date: _5/15/00_ License Type: _Life Health Var._
(i.e., Life, A&H)

List non-resident states which you are currently licensed: _IA, NJ, UT_

List all companies with whom you are currently appointed: _Numerous Ones_

Do you hold other professional licenses, i.e. law, accounting, etc.? If so, specify kind and state where license is held: _NO_

E & O Carrier (PLEASE INCLUDE A COPY OF THE DECLARATION PAGE ): _National Union_

# ASSOCIATE GENERAL INFORMATION

**My Primary Market:**

| ACCUMULATION | BUSINESS/PAYROLL | SENIORS |
|---|---|---|
| ☐ College Funding | ☐ Payroll Deduction | ☒ Long Term Care |
| ☒ IRA | ☐ Section 125 | ☒ Estate Planning |
| ☒ IRA Alternatives | ☐ Business Perpetuation | ☒ Annuities |
| ☐ MTG Cancellation | ☐ P/C & Liability | ☒ Charitable Giving |
| ☐ Debt Reduction | ☐ Medical | ☐ Other |
| | ☐ 401-K | |
| | ☐ 403-B | |
| | ☐ TSA | |

**I am Interested in:**  ☐ Starting New Markets  ☒ Finding New Prospects
☒ Closing Sales  ☐ Other: _____

☒ I am a Self-Producing Agent  ☐ I have ____ Agents in my Agency  ☒ I have _250_ Clients

MAF001291

# GENERAL ASSOCIATE INFORMATION

Have/are you, or your agency:

| | | | |
|---|---|---|---|
| 1. | Ever had a license released, revoked or suspended by any insurance company? | ☐ Yes | ☑ No |
| 2. | Ever been fined by an Insurance Department? | ☐ Yes | ☑ No |
| 3. | Ever filed for bankruptcy? If yes, include a copy of discharge. | ☐ Yes | ☑ No |
| 4. | Ever been a Judgement Debtor? | ☐ Yes | ☑ No |
| 5. | Presently indebted to any insurance company, its Managers or General Agents for an unpaid balance? | ☐ Yes | ☑ No |
| 6. | Ever been refused a bond? | ☐ Yes | ☑ No |
| 7. | Ever pled guilty, or nolo contendere to, or been found guilty of a felony or a crime involving moral turpitude? | ☐ Yes | ☑ No |

*If you answered "YES" to any of the above, provide details below, include a separate sheet of paper, if needed.*

_____

_____

_____

As part of our contracting/appointment procedure, an investigative consumer report will be obtained. Other investigative sources may be used, if necessary to obtain additional data. Your signature on this section permits MID-AMERICA FINANCIAL GROUP, INC. and/or MID-AMERICA ESTATE PLANNING to obtain such investigative reports.

_____       6/21/99
Signature of applicant                              Date

# MID-AMERICA ASSOCIATION AGREEMENT

THIS AGREEMENT is hereby entered into this _____ 21st _____ day of _____ June _____, year of __99__, by and between MID-AMERICA ESTATE PLANNING, INC., and MID-AMERICA FINANCIAL GROUP, INC., Delaware corporations, (hereinafter referred to as "MID-AMERICA") and _____ Ronald A Kerner _____ (hereinafter referred to as "Associate").
                                                          APPLICANT NAME

WHEREAS, MID-AMERICA will make available professional training, marketing materials and support for the Charitable Gift Annuity and Trust Services; and

WHEREAS, MID-AMERICA's information in relation to its associates, agreements, clients, marketing data base, marketing materials and proposals are of a highly sensitive and proprietary nature; and

WHEREAS, Associate desires to become affiliated with MID-AMERICA in an effort to enhance his/her product portfolio and his/her professional knowledge in the area of Estate Planning.

NOW IN CONSIDERATION of the mutual promises made by the parties herein, MID-AMERICA agrees to:

1. Train Associate, at Associate's expense, if Associate desires to actively solicit MID-AMERICA's Charitable Gift Annuity and actively solicit estate planning and financial planning business.

2. Appoint Associate as an "Agent" for MID-AMERICA and as such, is empowered to solicit Charitable Gift Annuity and trust business, as applicable.

3. Provide Associate, upon Associate's request and at his/her expense, any and all MID-AMERICA marketing materials, sales materials, advertising or printed promotional materials for the marketing of Charitable Gift Annuity and estate planning documents.

4. Pay Associate the contracted commission for the sale of any MID-AMERICA products. MID-AMERICA reserves the right to alter, change or modify its commissions paid to Associate.

5. Deliver marketing materials and products requested by Associate within a reasonable time. Deliver estate planning documents prepared by MID-AMERICA within 28 days of an Associate's order, unless order is incomplete or uncontrollable events occur which prevent MID-AMERICA from delivering in a timely fashion.

AGREEMENT CONTINUED ON BACK ➤

MAF001292

6.  Provide document preparation of estate planning documents requested by Associate, including the actual funding of the trust, if included in the plan.

7.  MID-AMERICA reserves the right to alter, change or modify this Agreement or terminate this Agreement with 15 days prior notice.

NOW IN CONSIDERATION of the mutual promises made by the parties herein, Associate agrees to:

1.  Attend at least one training session annually at his/her own expense offered by MID-AMERICA.

2.  Act as an independent contractor and be solely responsible for his/her own expenses.

3.  Refrain from giving legal advice to clients, or preparing, altering or discharging any of the clients' estate planning documents, or incurring any liability on behalf of MID-AMERICA.

4.  **Act in the client's best interest at all times**, act in good faith and conduct himself/herself in a professional manner at all times.

5.  Remit all Client Workbooks and funds collected to MID-AMERICA promptly and charge MID-AMERICA's published fees.

6   Deliver to client all estate planning documents, Charitable Gift Annuity and transfer papers, and if applicable, promptly return any agreements, documents or amendments to MID-AMERICA.

7.  Agree to use only Mid-America's published materials.

8.  Cooperate with MID-AMERICA in resolving client disputes.

9.  Not to disclose, duplicate, disseminate, publish, disburse or distribute any information, written or verbal, provided to me and related to MID-AMERICA which is confidential and/or proprietary.

10. *Understand and acknowledge that any violation of this Agreement would be detrimental to MID-AMERICA and will entitle MID-AMERICA to damages and/or injunctive relief.*

11. Immediately return any and all proprietary products and property of MID-AMERICA to the Corporate Office upon the termination of this Agreement. If materials were purchased, a reimbursement allowance will be negotiated.

12. Reimburse MID-AMERICA immediately for all damages which result from selling unauthorized or unapproved products.

13. Indemnify and hold MID-AMERICA harmless from any fraudulent, intentional or negligent acts which result from Associate's conduct.

14. Defend himself/herself from any claims which arise from criminal, intentional or negligent acts.

15. Must maintain an active insurance license and provide copies for all states in which licenses are issued.

THIS ASSOCIATE AGREEMENT sets forth all representations, promises, agreements and understandings between the parties hereto, whether written or oral, and there are no representations, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein. This Associate Agreement can be terminated by either party with written notification to the parties at their address of record. Nothing in this Associate Agreement shall construe the relationship of employer/employee between MID-AMERICA Estate Planning, Inc. and MID-AMERICA Financial Group, Inc. and the Associate.

Associate Signature: _Ronald A Kerber_   Date: _6/21/99_

**MID-AMERICA ESTATE PLANNING, INC.**

By: _____

Date: _07.20.99_

**MID-AMERICA FINANCIAL GROUP, INC.**

By: _____

Date: _____

**RECRUITING DIRECTOR:**

_____   S.S. Number: _____

LAST                    FIRST                    M.I.

**DIRECTOR MARKETING & SALES**

_____   S.S. Number: _____

LAST                    FIRST                    M.I.

PLEASE ATTACH A SEPARATE PIECE OF PAPER WITH ANY ADDITIONAL INFORMATION.

MAF001293

RADA, JOHN

MAR 3 0 1999



# MID-AMERICA COMPANIES

STRENGTH and CONFIDENCE THROUGH EXPERIENCE

# INDEPENDENT ASSOCIATE AGREEMENT

8630 East Via de Ventura • Suite 100 • Scottsdale, Arizona 85258-3358
800-535-7722 • 480-483-7722 • Fax: 480-483-2063
website: www.mid-americacompanies.com
e-mail: mkt@mid-americatrust.com

© 1999 Mid-America Companies • Scottsdale, AZ
No portion of this agreement can be copied without the express written consent of Mid-America Companies

4/99 IAA

## ASSOCIATE PERSONAL INFORMATION

### (PLEASE USE PEN AND PRINT CLEARLY)

Name: _RADA_  _John_  _J._
      LAST              FIRST            M I

❏ Individual  ❏ Partnership  ☒ Corporation

**If a Partnership or Corporation, provide business name and title of authorized signer:**

Business Name: _LTC Insurance Services, Inc._  Fed Tax ID Number: _86-0942443_

Business Address: _P.O. Box 5788_

City: _Sun City West,_  State: _AZ_  Zip: _85376_

Business Telephone: ( _602_ ) _583-3269_  Business Fax: ( _602_ ) _875-7877_

Home Address: _11661 Agave Court_

City: _Surprise_  State: _AZ_  Zip: _85374_

Home Telephone: ( _602_ ) _583-1977_  Home Fax: ( ) _None_

Date of Birth: _6_ / _30_ / _56_  ☒ Male ❏ Female  S.S. Number: _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_

Spouse's Name: _Candes D. Rada_  S.S. Number: _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_

## ASSOCIATE LICENSE INFORMATION

### (PLEASE INCLUDE A COPY OF CURRENT LICENSE)

Your Broker/Dealer is: _None_

Securities License:  State: _____  License No.: _____  Exp Date: _____  License Type: _____

Insurance License:  State: _____  License No.: _____  Exp Date: _____  License Type: _____ (i e , 6, 7, 24, 63)
                                             (i e , Life, A&H)

List non-resident states which you are currently licensed: _None_

List all companies with whom you are currently appointed: _Equitable Life, Conseco Co's Legacy MKT Group, Mutual of Omaha_

Do you hold other professional licenses, i.e. law, accounting, etc.?  If so, specify kind and state where license is held: _None_

E & O Carrier (PLEASE INCLUDE A COPY OF THE DECLARATION PAGE ): _____

## ASSOCIATE GENERAL INFORMATION

**My Primary Market:**

| ACCUMULATION | BUSINESS/PAYROLL | SENIORS |
|---|---|---|
| ❏ College Funding | ❏ Payroll Deduction | ☒ Long Term Care |
| ❏ IRA | ❏ Section 125 | ❏ Estate Planning |
| ❏ IRA Alternatives | ❏ Business Perpetuation | ☒ Annuities |
| ❏ MTG Cancellation | ❏ P/C & Liability | ☒ Charitable Giving |
| ❏ Debt Reduction | ❏ Medical | ❏ Other _____ |
| | ❏ 401-K | _____ |
| | ❏ 403-B | |
| | ❏ TSA | |

I am Interested in:  ☒ Starting New Markets  ☒ Finding New Prospects
                  ☒ Closing Sales  ❏ Other: _____

☒ I am a Self-Producing Agent   ❏ I have _____ Agents in my Agency   ☒ I have _600_ Clients

BMB 1385

# GENERAL ASSOCIATE INFORMATION

Have/are you, or your agency.

| | | | |
|---|---|---|---|
| 1 | Ever had a license released, revoked or suspended by any insurance company? | ☐ Yes | ☒ No |
| 2. | Ever been fined by an Insurance Department? | ☐ Yes | ☒ No |
| 3 | Ever filed for bankruptcy? If yes, include a copy of discharge. | ☐ Yes | ☒ No |
| 4 | Ever been a Judgement Debtor? | ☐ Yes | ☒ No |
| 5 | Presently indebted to any insurance company, its Managers or General Agents for an unpaid balance? | ☐ Yes | ☒ No |
| 6. | Ever been refused a bond? | ☐ Yes | ☒ No |
| 7 | Ever pled guilty, or nolo contendere to, or been found guilty of a felony or a crime involving moral turpitude. | ☐ Yes | ☒ No |

If you answered "YES" to any of the above, provide details below, include a separate sheet of paper, if needed

_____

_____

_____

art of our contracting/appointment procedure, an investigative consumer report will be obtained. Other investigative sources may be used, if necessary to obtain additional data. Your signature on this section permits MID-AMERICA FINANCIAL GROUP, INC to obtain such investigative reports.

_____     3-24-1999
Signature of applicant                          Date

# MID-AMERICA ASSOCIATION AGREEMENT

THIS AGREEMENT is hereby entered into this _____ day of _____, year of _____, by and between MID-AMERICA ESTATE PLANNING, INC., and MID-AMERICA FINANCIAL GROUP, INC., Delaware corporations, (hereinafter referred to as "MID-AMERICA") and _____ (hereinafter referred to as "Associate")
                                                                                       APPLICANT NAME

WHEREAS, MID-AMERICA will make professional training, marketing materials and support, Charitable Gift Annuity, and

V. _REAS, MID-AMERICA's information in relation to its associates, agreements, clients, marketing data base, marketing materials and proposals are of a highly sensitive and proprietary nature; and

WHEREAS, Associate desires to become affiliated with MID-AMERICA in an effort to enhance his/her product portfolio and his/her professional knowledge in the area of Estate Planning.

NOW IN CONSIDERATION of the mutual promises made by the parties herein, MID-AMERICA agrees to:

1   Train Associate, at Associate's expense, if Associate desires to actively solicit MID-AMERICA's Charitable Gift Annuity and actively solicit estate planning and financial planning business.

2.   Appoint Associate as an "Agent" for MID-AMERICA and as such, is empowered to solicit Charitable Gift Annuity and solicit trust business, as applicable.

3.   Provide Associate, upon Associate's request and at his/her expense, any and all MID-AMERICA marketing materials, sales materials, advertising or printed promotional materials for the marketing of Charitable Gift Annuity and estate planning documents.

4   Pay Associate the contracted commission for the sale of any MID-AMERICA products. MID-AMERICA reserves the right to alter, change or modify its commissions paid to Associate.

5.   Deliver marketing materials and products requested by Associate within a reasonable time. Deliver estate planning documents prepared by MID-AMERICA within 28 days of an Associate's order, unless order is incomplete or uncontrollable events occur which prevent MID-AMERICA from delivering in a timely fashion.

AGREEMENT CONTINUED ON BACK ➤

JR0037

BMB 1386

## MID-AMERICA FOUNDATION
## GIFT ANNUITY AGENT COMPENSATION AGREEMENT

Mid-America Foundation and _PAUL E. RICHARD_ hereinafter referred to as "the Agent", hereby agree and acknowledge to the following terms and conditions effective this _24TH_ day of _NOVEMBER_, 1997:

### PRIOR AGREEMENTS

1.  It is expressly understood that this contract does not supersede any prior agreements between Mid-America Foundation and the Agent. Any prior agreements between Mid-America Foundation and Agent shall remain in full force and effect except where expressly modified by this contract and in the case of conflict, this contract shall control  Any agreement relative to compensation payable under existing business previously issed shall contiue to be paid in accordance with the terms thereof.

### GENERAL PROVISIONS

1.  Agent acknowledges and warrants that pursuant to the terms of this Agreement he is an agent of Mid-America Foundation.

2.  Agent acknowledges and agrees that Agent will duly and properly advise all Mid-America Foundation clients of any and all investment opportunities prior to client executing a Gift Annuity Contract.

3.  Agent shall act in the client's best interest and operate in good faith at all times.

4.  Nothing in this contact shall create, or be construed to create, the relationship of employer and employee between Mid-America Foundation and Agent.

5.  Agent warrants that Agent is licensed by all applicable governmental agencies having jurisdiction as needed and shall operate Agent's business in strict conformance with all applicable laws and regulations.

6.  Any sales material, supplies, advertising or printed promotional matter mentioning Mid-America Foundation by name may be used, or permitted to be used, only with the company's prior written approval.

Richard COURT EXHIBIT 2
rr  10-25-05
Colette E. Ross
CCR No. 50658

Gift Annuity Agent Compensat    Contract

## AUTHORIZATION

1. Agent is authorized to solicit and submit applications for Gift Annuity Contracts subject to the rates, rules and regulations of Mid-America Foundation as of this date and to any changes in Mid-America Foundation make from time to time.  Mid-America Foundation reserves the right to accept or reject, in their absolute discretion, any such applications for Gift Annuity Contracts.

## COMMISSION

1. Mid-America Foundation shall pay to the Agent a commission as set forth on Commission Addendum A.

## MODIFICATION

1. Mid-America Foundation reserves the right to alter, amend, modify, or terminate this Agreement, and its commission schedule at any time without prior notice to Agent.

2. Any alteration, amendment, modification or termination will have prospective application only and will not affect commissions or trailer commissions due at the time of said schedule change.

## TERMINATION

1. Mid-America Foundation reserves the right to terminate this contract for cause at any time without prior notice.

2. This contract may be terminated for cause, if Agent subjects Mid-America Foundation or its agents to liability due to:   (i) Agent's misfeasance or malfeasance, (ii) an act of embezzlement, (iii) failure to comply with the laws, rules or regulations of any Federal State or other governmental agency or body having proper jurisdiction, (iv) failure to conform to the rules and regulations of Mid-America Foundation promulgated from time to time, or (v) commission any fraud.

3. If agent is terminated for cause, Agent will forfeit any and all commissions, including trailer commissions on existing Gift Annuity Contracts.

Gift Annuity Agent Compensatio    ontract

## INDEBTEDNESS

1. Any sum that may be advanced or loaned to the Agent by Mid-America Foundation and any charge-backs or other debts to Agent's commission account as any be shown on the records of Mid-America Foundation, whether arising under this contract or otherwise, shall be and become a debt of the Agent to Mid-America Foundation. Any such indebtedness to the company shall be repayable in full by the Agent and shall constitute a first lien on any commission or other compensation due or to become due to the Agent under this contract or otherwise and may be deducted from commission or other compensation to become due to the Agent.

## INDEMNIFICATION

1. Agent hereby agrees to indemnify and hold harmless Mid-America Foundation from any fraudulent or intentional acts and the subsequent results as a result of Agent's conduct.

## ENTIRE AGREEMENT

1. This Agreement sets forth all (and is intended by the parties to be an integration of all) of the representations, promises, agreements and understandings between the parties hereto. whether written or oral, and there are no representation, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein.


_____, Agent

DATED: _Novem ber 24, 1997_


_____
MID-AMERICA FOUNDATION
By: Robert R. Dillie, Executive Director

DATED: _12-15-97_____

**MID-AMERICA FOUNDATION**
**GIFT ANNUITY COMMISSION SCHEDULE**
**ADDENDUM A**

| AGENT LEVEL | COMPENSATION PLAN A | COMPENSATION PLAN B |
|---|---|---|
| Associate General Agent | 5% of the face amount of the Gift Annuity | 3% of the face amount of the Gift Annuity and an annual trailer commission of 25 basis points of the face amount per year. |



## MID-AMERICA FOUNDATION
## GIFT ANNUITY AGENT COMPENSATION AGREEMENT

Mid-America Foundation and _Dwight Lualter_ hereinafter referred to as "the Agent", hereby agree and acknowledge to the following terms and conditions effective this _11th_ day of _March_, 1998.

### PRIOR AGREEMENTS

1.  It is expressly understood that this contract does not supersede any prior agreements between Mid-America Foundation and the Agent. Any prior agreements between Mid-America Foundation and Agent shall remain in full force and effect except where expressly modified by this contract and in the case of conflict, this contract shall control  Any agreement relative to compensation payable under existing business previously issued shall continue to be paid in accordance with the terms thereof.

### GENERAL PROVISIONS

1   Agent acknowledges and warrants that pursuant to the terms of this Agreement he is an agent of Mid-America Foundation.

2.  Agent acknowledges and agrees that Agent will duly and properly advise all Mid-America Foundation clients of any and all investment opportunities prior to client executing a Gift Annuity Contract.

3.  Agent shall act in the client's best interest and operate in good faith at all times

4   Nothing in this contact shall create, or be construed to create, the relationship of employer and employee between Mid-America Foundation and Agent.

5   Agent warrants that Agent is licensed by all applicable governmental agencies having jurisdiction as needed and shall operate Agent's business in strict conformance with all applicable laws and regulations.

6.  Any sales material, supplies, advertising or printed promotional matter mentioning Mid-America Foundation by name may be used, or permitted to be used, only with the company's prior written approval.

#3

D13754

## AUTHORIZATION

1. Agent is authorized to solicit and submit applications for Gift Annuity Contracts subject to the rates, rules and regulations of Mid-America Foundation as of this date and to any changes in Mid-America Foundation make from time to time.  Mid-America Foundation reserves the right to accept or reject, in their absolute discretion, any such applications for Gift Annuity Contracts.

## COMMISSION

1. Mid-America Foundation shall pay to the Agent a commission as set forth on Commission Addendum A.

## MODIFICATION

1. Mid-America Foundation reserves the right to alter, amend, modify, or terminate this Agreement, and its commission schedule at any time without prior notice to Agent.

2. Any alteration, amendment, modification or termination will have prospective application only and will not affect commissions or trailer commissions due at the time of said schedule change.

## TERMINATION

1. Mid-America Foundation reserves the right to terminate this contract for cause at any time without prior notice.

2. This contract may be terminated for cause, if Agent subjects Mid-America Foundation or its agents to liability due to:  (i) Agent's misfeasance or malfeasance, (ii) an act of embezzlement, (iii) failure to comply with the laws, rules or regulations of any Federal State or other governmental agency or body having proper jurisdiction, (iv) failure to conform to the rules and regulations of Mid-America Foundation promulgated from time to time, or (v) commission any fraud.

3. If agent is terminated for cause, Agent will forfeit any and all commissions, including trailer commissions on existing Gift Annuity Contracts.

DL3755

## INDEBTEDNESS

1.  Any sum that may be advanced or loaned to the Agent by Mid-America Foundation and any charge-backs or other debts to Agent's commission account as any be shown on the records of Mid-America Foundation, whether arising under this contract or otherwise, shall be and become a debt of the Agent to Mid-America Foundation.  Any such indebtedness to the company shall be repayable in full by the Agent and shall constitute a first lien on any commission or other compensation due or to become due to the Agent under this contract or otherwise and may be deducted from commission or other compensation to become due to the Agent.

## INDEMNIFICATION

1.  Agent hereby agrees to indemnify and hold harmless Mid-America Foundation from any fraudulent or intentional acts and the subsequent results as a result of Agent's conduct.

## ENTIRE AGREEMENT

1.  This Agreement sets forth all (and is intended by the parties to be an integration of all) of the representations, promises, agreements and understandings between the parties hereto, whether written or oral, and there are no representation, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein.

DATED: _____

    (Signature)

_____, Agent

    (Print)

DATED: _____

MID-AMERICA FOUNDATION
By:  Robert R. Dillie, Executive Director

DL3756

# MID-AMERICA FOUNDATION
## GIFT ANNUITY COMMISSION SCHEDULE
## ADDENDUM A

| AGENT LEVEL | COMPENSATION PLAN A | COMPENSATION PLAN B |
|---|---|---|
| Master General Agent | 8% of the face amount of the Gift Annuity | 6% of the face amount of the Gift Annuity and an annual trailer commission of 25 basis points of the face amount per year |

DL3757

1   **Guttilla & Murphy, PC**
    Firm No. 00133300
2   Ryan W. Anderson (No. 020974)
    4150 West Northern Ave.
3   Phoenix, Arizona  85051
    (623) 937-2795
    randerson@gamlaw.com
4
   Attorneys for the Receiver

5

6         IN THE UNITED STATES DISTRICT COURT

7           FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, Receiver, ) | Cause No. CV 03-2390 PHX JAT |
| ) | |
| Plaintiff, ) | NOTICE OF DEPOSITION OF DWIGHT |
| v. ) | LANKFORD |
| ) | |
| Michael Alaniz, et al. ) | |
| ) | |
| Defendants. ) | |

**NOTICE IS HEREBY GIVEN** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Lawrence J. Warfield, the Plaintiff/Receiver, by and through his legal counsel, will take the deposition upon oral examination of the person identified below, at the time and place stated below, before an officer authorized by law to administer oaths.

**PERSON TO BE EXAMINED:**     **Dwight Lankford**

**DATE AND TIME OF DEPOSITION:**   **October 5, 2005 at 11:00 a.m. MST**

**PLACE OF DEPOSITION:**     **Law Offices of Guttilla & Murphy, P.C.**
                     **4150 West Northern Avenue**
                     **Phoenix, AZ 85051**

Dated this 22nd day of September, 2005.

GUTTILLA & MURPHY, PC

s/Ryan W. Anderson
Ryan W. Anderson
Attorneys for the Plaintiff

A true copy of the foregoing has been filed
electronically this 22nd day of September, 2005,
and following persons designated as ECF Registered Users
will be served with notice of same by the Court's ECF system:

Burton M. Bentley
bmb@burtonbentley.com
Attorney for Defendants Leonard and Elizabeth Bestgen, Robert Carroll,
Rudy and Mary Crosswell, David Cutshall, Charles Davis,
Richard Derk, Orville Fraiser, Ronald Kerher,
Dwight Lankford, John and Candes Rada, Paul Richards, Fera Shivaee, Patrick and
Andrea Wehrly and Donald Muchmore

Brad A. Denton
Robert Payne
Gunderson, Denton & Proffitt, P.C.
Brad@GundersonDenton.com
Robert@GundersonDenton.com
Attorneys for Michael and Ann McLaughlin

Albert P. Massey
Lentz, Cantor & Massey
massey@lentzlaw.com
Attorneys for Richard Wilson

Gregory Shebest
gregs@americanfamilylegal.com
Attorney for Heritage Marketing

Martin D. Koczanowicz
Larry Alvin Donaldson
Koczanowicz & Donaldson
office@yosemitelaw.com
Attorneys for Ron Tucker

Guttilla & Murphy, PC
4150 West Northern Ave
Phoenix, Arizona 85051
(623) 937-2795

2

David L. Kagel
John Torbett
dkagel@earthlink.net
jt007@dslextreme.com
Attorneys for Paul Pichie

A true copy of the foregoing
mailed this 22nd day of September, 2005, to:

Arizona Reporting Service, Inc.
2627 North Third Street
Suite Three
Phoenix, AZ  85004-1103

Bruce F. Walters
2606 - C.W. Roosevelt Blvd.
Monrow, NC 28110
Defendant Pro Per

Jon Bell
2420 Grand Avenue, Suite C-2
Vista, CA 92081
Defendant Pro Se

By s/Jeanie Knaack
0758-011(43982)

Steve A. Bryant
Steve Bryant & Associates
3618 Mt. Vernon Street, Suite A
Houston, TX 77006
Attorneys for Dwight Lankford

Robert Tretiak
4615 N. Ft. Apache Road
Las Vegas, NV 89129
Defendant Pro Se

Ren Bidwell
3430 Pacific Ave SE
Olympia, WA 98501
Defendant Pro Se

David Knutson
First Financial Center, Ltd.
119 Third  Street, N.E. #333
Cedar Rapids, IA 52401

David Tigges
First Financial Center, Ltd.
119 Third Street, N.E. #333
Cedar Rapids, IA 52401

Guttilla & Murphy, PC
4150 West Northern Ave
Phoenix, Arizona 85051
(623) 937-2795

3

RECEIVED SEP 2 5 1997

# MID-AMERICA FOUNDATION
## GIFT ANNUITY AGENT COMPENSATION AGREEMENT

Mid-America   Foundation   and   *RoBenT  L. CARRoLL*   hereinafter referred to as "the Agent", hereby agree and acknowledge to the following terms and conditions effective this *23rD* day of *SEPTEmBer* , 1997:

## PRIOR AGREEMENTS

1   It is expressly understood that this contract does not supersede any prior agreements between Mid-America Foundation and the Agent. Any prior agreements between Mid-America Foundation and Agent shall remain in full force and effect except where expressly modified by this contract and in the case of conflict, this contract shall control Any agreement relative to compensation payable under existing business previously issed shall contiue to be paid in accordance with the terms thereof

## GENERAL PROVISIONS

1.   Agent acknowledges and warrants that pursuant to the terms of this Agreement he is an agent of Mid-America Foundation.

2   Agent acknowledges and agrees that Agent will duly and properly advise all Mid-America Foundation clients of any and all investment opportunities prior to client executing a Gift Annuity Contract.

3.   Agent shall act in the client's best interest and operate in good faith at all times.

4.   Nothing in this contact shall create, or be construed to create, the relationship of employer and employee between Mid-America Foundation and Agent.

5.   Agent warrants that Agent is licensed by all applicable governmental agencies having jurisdiction as needed and shall operate Agent's business in strict conformance with all applicable laws and regulations.

6.   Any sales material, supplies, advertising or printed promotional matter mentioning Mid-America Foundation by name may be used, or permitted to be used, only with the company's prior written approval.

#2

## AUTHORIZATION

1  Agent is authorized to solicit and submit applications for Gift Annuity Contracts subject to the rates, rules and regulations of Mid-America Foundation as of this date and to any changes in Mid-America Foundation make from time to time.  Mid-America Foundation reserves the right to accept or reject, in their absolute discretion, any such applications for Gift Annuity Contracts.

## COMMISSION

1  Mid-America Foundation shall pay to the Agent a commission as set forth on Commission Addendum A.

## MODIFICATION

1  Mid-America Foundation reserves the right to alter, amend, modify, or terminate this Agreement, and its commission schedule at any time without prior notice to Agent.

2.  Any alteration, amendment, modification or termination will have prospective application only and will not affect commissions or trailer commissions due at the time of said schedule change.

## TERMINATION

1.  Mid-America Foundation reserves the right to terminate this contract for cause at any time without prior notice.

2.  This contract may be terminated for cause, if Agent subjects Mid-America Foundation or its agents to liability due to.  (i) Agent's misfeasance or malfeasance, (ii) an act of embezzlement, (iii) failure to comply with the laws, rules or regulations of any Federal State or other governmental agency or body having proper jurisdiction, (iv) failure to conform to the rules and regulations of Mid-America Foundation promulgated from time to time, or (v) commission any fraud.

3.  If agent is terminated for cause, Agent will forfeit any and all commissions, including trailer commissions on existing Gift Annuity Contracts.

## INDEBTEDNESS

1   Any sum that may be advanced or loaned to the Agent by Mid-America Foundation and any charge-backs or other debts to Agent's commission account as any be shown on the records of Mid-America Foundation, whether arising under this contract or otherwise, shall be and become a debt of the Agent to Mid-America Foundation.  Any such indebtedness to the company shall be repayable in full by the Agent and shall constitute a first lien on any commission or other compensation due or to become due to the Agent under this contract or otherwise and may be deducted from commission or other compensation to become due to the Agent.

## INDEMNIFICATION

1   Agent hereby agrees to indemnify and hold harmless Mid-America Foundation from any fraudulent or intentional acts and the subsequent results as a result of Agent's conduct.

## ENTIRE AGREEMENT

1   This Agreement sets forth all (and is intended by the parties to be an integration of all) of the representations, promises, agreements and understandings between the parties hereto, whether written or oral, and there are no representation, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein

_Robert L. Carroll_ (Agent

DATED: _9 23 97_

_John X. Dillie_

MID-AMERICA FOUNDATION
By: Robert R. Dillie, Executive Director

DATED: _9-30-97_

Page 3

MID-AMERICA FOUNDATION
GIFT ANNUITY COMMISSION SCHEDULE
ADDENDUM A

| AGENT LEVEL | COMPENSATION PLAN A | COMPENSATION PLAN B |
|---|---|---|
| Managing General Agent | 7 % of the face amount of the Gift Annuity | 5% of the face amount of the Gift Annuity and an annual trailer commission of 25 basis points of the face amount per year |

Effective June 16, 1997

# MID-AMERICA LIVING TRUST ASSOCIATES, INC.
# MID-AMERICA FINANCIAL GROUP, INC.
### ASSOCIATE AGREEMENT

*CARROLL*      *Robert*      *L.*

Last Name             First Name             MI

*Robert Louis Carroll Financial Services Inc.*

Company or Business Name

Compensation Paid To:      ( )    Associate      ( )    Company*

*If paid to Company, Mid-America MUST have an Assignment on file.  Please contact Marketing Office for copy.

Broker/Dealer: _____ *N. A* _____
(If Applicable)

Work Phone *(909)* _*652-4116*_    Home Phone *(909)* _*929-6949*_

FAX Phone *(909)* _*929-3744*_    Date of Birth _*5-25-38*_

SSN _*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*_      Federal Tax ID# _____

Home Address: _*1899 Seven Hills Dr. Hemet, CA. 92545*_
(Street/City/State/Zip)

Mailing Address: _*380 N. San Jacinto St Suite 102*_

Shipping (Street) Address: _*Hemet CA 92543*_

Do you now hold a license to sell insurance? Yes / No

Have you ever had your License suspended/revoked? Yes / No

If yes, please explain on back of this form.

Have you or anyone employed by you ever been convicted of a felony or a misdemeanor which arose out of the conduct of your business practices?  Yes / No    If yes, please explain on back of this form

### TRUST AGREEMENT
### Mid-America Living Trust Associates, Inc. and Mid-America Financial Group, Inc. hereinafter referred to as "Mid-America."

## MID-AMERICA AGREES TO:

Whereas, Mid-America is responsible for the servicing of Estate Planning documents created from data gathered by Associates.

And whereas, Mid-America is also responsible for recruiting and training of Associates who desire to actively solicit new business on behalf of Mid-America.

It is agreed that Mid-America hereby appoints the above named individual as an Associate for Mid-America and as such, is empowered to solicit business, as applicable

#1

## ASSOCIATES AGREE TO:

1) Familiarize themselves with all Mid-America Training and Sales Material.

2) Use the utmost honesty and integrity in soliciting trust and insurance business by using only approved procedures and materials provided by Mid-America.

3) Act as an independent contractor and shall be solely responsible for his/her own expenses

4) Furthermore, he/she will not publish nor display any material or advertisement without Mid-America's prior approval

5) **Agrees not to give any legal advice** to clients; make, alter or discharge any wills or trusts, incur any liability on behalf of Mid-America.

6) Defend himself/herself for any criminal act, fault, or failure to act.

7) Agrees not to replace any Living Trusts without Mid-America's permission or review beforehand.

8) Remit all client workbooks and funds collected to Mid-America promptly and only charge Mid-America published fees. All collected monies shall be responsibly delivered promptly. Checks shall be made payable to Mid-America, the Insurance Carrier or the Review Attorney.

9) Obtain and forward any additional information on applicants if requested by Mid-America immediately.

10) Deliver trust, insurance documents or transfer documents to applicants promptly, if applicable, and promptly return any required documents or amendments to Mid-America.

11) Treat all supplies, materials, and training as proprietary material and return all supplies and sales presentation materials at termination of this agreement to Mid-America.

12) Look to Mid-America for compensation.

13) All Insurance Commissions will be assigned to Mid-America.

14) All business generated through Mid-America and it's Planned Giving efforts will be compensated based upon it's commission agreements with the Insurance Carriers.

15) All first-year and renewal commissions are vested in accordance with the insurance carrier's vesting schedule with Mid-America

16) Should he/she sever relationships with Mid-America, all Insurance business in-force will be retained by the Associate.

17) All parties occupy a position of trust and confidence in dealing with each other and each party agrees to act in accordance with the highest ethical and fiduciary standards when dealing with prospective clients and each other.

18) Associate will be assigned to an Area Director and, depending on experience, will be given a 64%, 72%, or 80% contract.

19) Contracts will be increased according to production.

20) Contract level _____ (leave blank, Mid-America to assign).

**MID-AMERICA MAY:**

Withdraw from any territory, add, change any offering including commission schedules.

This contract can be terminated by either party with written notification   Nothing in this agreement shall construe the relationship of employer/employee between Mid-America and the below signed Associate.

_Robert R Carroll 6H96_

Associate                 Date                 Area Director              Date

Regional Vice President       Date           Robert R. Dillie, President      Date
                                             Mid-America

## PLANNED GIVING ADVISOR
## CONSULTANT AGREEMENT

AGREEMENT made this _27th_ day of _July_ , 20_00_ , by and between _Paul E. Richard_ , whose address is _RR 10, Box 993, Augusta, ME  04330_ , hereinafter referred to as the "Consultant", and the Mid-America Financial Services, Inc., a Nevada corporation, whose principal place of business is located at 8630 E. Via de Ventura, Suite 100, Scottsdale, Arizona, hereinafter referred to as "Company".

WHEREAS, the Company desires to engage the services of the Consultant to perform for the Company consulting services with regard to Company's charitable and planned giving marketing activities, as an independent contractor, and not as an employee; and

WHEREAS, Consultant desires to consult with and to undertake for the Company consultation as to Company's charitable and planned giving marketing activities;

NOW, THEREFORE, it is agreed as follows:

1   Term   The respective duties and obligations of the contracting parties shall be for a period of one (1) year, commencing on the date first above written, and may be terminated by either party giving written notice to the other party at the addresses stated above or at an address chosen subsequent to the execution of this agreement and duly communicated to the party giving notice.

2.   Consultations.   Consultant shall be available to consult with Company at reasonable times, concerning matters pertaining to the marketing of Company's charitable and planned giving services.   Consultant shall not represent the Company, its Board of Directors, its officers, any other members of the Company or any charity for which Company is providing marketing services, in any transactions or communications nor shall Consultant make claim to do so without specific written instructions from Company to do so.

3.   Liability.   With regard to the services to be performed by the Consultant pursuant to the terms of this agreement, the Company shall not be liable to the Consultant, or to anyone who may claim any right due to any relationship with the Consultant, for any acts or omissions in the performance of services on the part of the Company or on the part of the agents or employees of the Company, except when said acts or omissions of the Company are due to willful misconduct or gross negligence.   The Company shall hold the Consultant free and harmless from any obligations, costs, claims, judgments, attorneys' fees, and attachments arising from or growing out of the services rendered to the Company pursuant to the terms of this agreement or in any way connected with the rendering of services, except when the same shall arise due to the acts or omissions of the Consultant, or when the Consultant is adjudged to be guilty of negligent acts or omissions by a court of competent jurisdiction.

Planned Giving Advisor
Consulting Agreement
Page 2

4.  Compensation  The Consultant shall receive compensation for the performance of the services to be rendered to the Company pursuant to the terms of this agreement, in accordance with the Consulting Fee Schedule attached hereto and made a part hereof.

5   Arbitration  Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by binding arbitration in accordance of the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof.  For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in Maricopa County, State of Arizona. In the event that litigation results from or arises out of this Agreement or the performance thereof, the parties agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled.  In such event, no action shall be entertained by said court or any court of competent jurisdiction if filed more than one year subsequent to the date the cause(s) of action actually accrued regardless of whether damages were otherwise as of said time calculable.

6.  Entire Agreement.  This Agreement sets forth all (and is intended by the parties to be an integration of all) of the representations, promises, agreements and understanding between the parties hereto, whether written or oral, and there are no representations, promises, agreements or understandings, oral or written, expressed or implied, between them other than as set forth or incorporated herein.  It is expressly understood that this Agreement shall supersede any prior agreements between Mid-America and the Consultant.

IN WITNESS WHEREOF, the parties have hereunto executed this Agreement on the _27th_ day of _July_, 20 _00_.

"Company"
MID-AMERICA FINANCIAL SERVICES, INC.

By _____
     MICHAEL B. MAKSUDIAN

"Consultant"

# CHARITABLE GIFT ANNUITY
# "GENERAL AGENT"
# REPRESENTATION AGREEMENT

This Agreement is hereby entered into by and between Mid-America Foundation, Inc., a Delaware non-profit corporation (hereinafter referred to as "Mid-America Foundation") and _John J. Rada DBA/LTC Insurance Services Inc._ (hereinafter referred to as the "GA"), this _19_ day of _July_, 1999.

## 1. AGENCY APPOINTMENT

Pursuant to the terms of this Agreement, GA hereby agrees and acknowledges that GA, by virtue of this Agreement, is appointed as an authorized agent of Mid-America Foundation. GA shall act in the best interest of Mid-America Foundation and its donors and shall operate in good faith at all times.

## 2. RELATIONSHIP

GA shall be a producer not contracted through a Master General Agent. The GA may be a part of a group of producers all of whom have individual relationships directly with Mid-America Foundation. A GA may be a Mid-America "Independent Associate" or a member of the Mid-America "Elite Associate" Program.

## 3. SOLICITATION AUTHORIZATION

GA is authorized to solicit charitable gift annuities subject to the interest rates, rules, regulations and procedures of Mid-America Foundation in force as of the date of this Agreement and any subsequent interest rates, rules, regulations and procedures identified in writing by Mid-America Foundation to the GA from time to time. Mid-America Foundation reserves the right to accept or reject, in its absolute discretion, any applications for charitable gift annuities.

## 4. AUTHORITY LIMITATIONS

Neither the GA nor GA's representatives, agents or employees have the authority to make, alter or modify any charitable gift annuity application, agreement or any other writing of Mid-America Foundation; (i) guarantee current annuity rates; (ii) guarantee the continuance of any practice or procedure; or (iii) incur any expenses or obligations whatsoever in the name of Mid-America Foundation or on behalf of Mid-America Foundation, without specific written authority from an authorized representative of Mid-America Foundation.

Page 1 of 6

## 5. BUSINESS CONDUCT RESPONSIBILITY

GA shall agree to keep accurate and complete records of all charitable gift annuity transactions and shall provide Mid-America Foundation complete access and the right to inspect and copy all records, correspondence and other information that may reasonably be related to business placed with Mid-America Foundation.

GA agrees not to endorse, cash or deposit any check, draft, money order or stock certificate payable to Mid-America Foundation or bearer. Assets and/or funds received by GA, or its representatives, agents or employees may not be used for any personal or other purpose whatsoever. Assets and/or funds are deemed to have been received by GA as a fiduciary in trust for Mid-America Foundation and shall be remitted immediately to Mid-America Foundation in accordance with the written policies, procedures, rules and instructions of Mid-America Foundation.

GA agrees to ensure that all representatives, agents or employees who are involved in the solicitation and sale of charitable gift annuities will be appropriately licensed and trained in accordance with Mid-America Foundation's standards of conduct. GA shall make full disclosure to Mid-America Foundation of all material facts known or learned about any donor pertaining to or affecting the business of Mid-America Foundation.

## 6. COMPENSATION STRUCTURE

The GA shall be paid gross base compensation in the amount of (7%) of the gross value of the assets transferred to fund each charitable gift annuity. This compensation rate shall apply to the sale of immediate and deferred charitable gift annuities.

All compensation for the sale of charitable gift annuities by the GA shall be paid to the GA only after Mid-America Foundation has received a "*Mid-America Foundation Charitable Gift Annuity Delivery Receipt*". Said *Receipt* shall be executed by the Client and the Agent responsible for the transaction.

Mid-America Foundation shall pay the GA a production bonus based on the total aggregate amount of charitable gift annuity premium sold by the GA for the calendar year ending December 31st. Production bonuses shall be paid in accordance with the following schedule:

| CHARITABLE GIFT ANNUITY PRODUCTION LEVELS | BONUS PAYABLE |
| --- | --- |
| $1.2 Million to $2.4 Million | 0.5% of total CGA premium |
| $2.4 Million to $4.8 Million | 1.0% of total CGA premium |
| Above 4.8 Million | 1.5% of total CGA premium |

Mid-America Foundation shall provide GA with a formal year-end accounting by January 31st of the following year, summarizing all charitable gift annuities sold by GA during the qualification year.