**Guttilla & Murphy, PC**
Firm No. 00133300
Alisan M. B. Patten (No. 009795)
Ryan W. Anderson (No. 020974)
4150 West Northern Ave.
Phoenix, Arizona 85051
(623) 937-2795
ampatten@cox.net

Attorneys for the Receiver

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, Receiver,<br><br>  Plaintiff,<br><br>v.<br><br>Michael Alaniz, et al.<br><br>  Defendants. | Cause No. CV 03-2390 PHX JAT<br><br>SUPPLEMENT TO RECEIVER'S STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS:  LEONARD AND ELIZABETH BESTGEN, RENALD BIDWELL, ROBERT CARROLL, RUDY AND MARY CROSSWELL, CHARLES DAVIS, RICHARD DERK, ORVILLE DALE FRAZIER, RONALD KERHER, DWIGHT LANKFORD, JOHN AND CANDES RADA, PAUL RICHARD AND PATRICK WEHRLY |

On December 29, 2005, the Receiver filed his Statement of Facts in support of his "Motion for Partial Summary Judgment on Count Nine" against the Defendants named in the title to this Supplement.

Exhibit 7 to that Statement of Facts contains a copy of the criminal indictment against Robert Roy Dillie, the Criminal Minutes from the entry of Dillie's plea in federal court and Dillie's Amended Plea Agreement. Subsequent to the filing of the Motion and Statement of Facts as well as the Receiver's Response to Defendants' Motion for Summary Judgment, a criminal conviction was entered against Dillie on March 22, 2006.

A certified copy of this conviction is attached hereto and marked as Exhibit 7(a) and should be included as a supplement to the Receiver's Statement of Facts filed on December 29, 2005.

Respectfully submitted this 21st day of April, 2006.

GUTTILLA & MURPHY, PC


s/Alisan M. B. Patten
Alisan M. B. Patten
Attorneys for the Receiver

**PROOF OF SERVICE**

This is to certify that on the 21st day of April, 2006, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed below, and that the persons listed below who are not registered participants of the CM/ECF System have been served with a copy of the foregoing document by first class mail this date.

s/Alisan M. B. Patten
Alisan M. B. Patten

Burton M. Bentley
ECF Registered
bmb@burtonbentley.com
Attorney for Defendants Leonard and Elizabeth Bestgen, Robert Carroll, Rudy and Mary Crosswell, David Cutshall, Charles Davis, Richard Derk, Orville Frazier, Ronald Kerher, Dwight Lankford, John and Candes Rada, Paul Richards, Fera Shivaee, Patrick and Andrea Wehrly and Donald Muchmore

Brad A. Denton
Robert Payne
ECF Registered
Gunderson, Denton & Proffitt, P.C.
Brad@GundersonDenton.com
Robert@GundersonDenton.com
Attorneys for Michael and Ann McLaughlin

Guttilla & Murphy, PC
4150 West Northern Ave
Phoenix, Arizona 85051
(623) 937-2795

1 Gregory Shebest
ECF Registered
2 gregs@americanfamilylegal.com
Attorney for Heritage Marketing
3
David L. Kagel
4 John Torbett
ECF Registered
5 dkagel@earthlink.net
jt007@dslextreme.com
6 Attorneys for Paul Pichie

7 Steve A. Bryant
Steve Bryant & Associates
8 3618 Mt. Vernon Street, Suite A
Houston, TX 77006
9 Attorneys for Dwight Lankford

10 Robert Tretiak
4615 N. Ft. Apache Road
11 Las Vegas, NV 89129
Defendant Pro Se
12
Ren Bidwell
13 3430 Pacific Ave SE
Olympia, WA 98501
14 Defendant Pro Se

15
0758-011(50912)

16

17

18

19

20

21

22

23

**Guttilla & Murphy, PC**
4150 West Northern Ave
Phoenix, Arizona 85051
(623) 937-2795

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**United States of America**

v.

**Robert Roy Dillie**
Aliases: Robert L. Dillie

USM#: 80035-008

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

No. CR 03-00115-001-PHX-DGC

Craig Orent (AFPD)
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF** guilty on 10/31/05 to Counts 1, 21 and 135 of the Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, USC §1343, Fraud by Wire, a Class D Felony offense, as charged in Count 1 of the Indictment; Title 18, USC §1956(a)(1)(B)(i), Money Laundering - Concealing The Proceeds of Unlawful Activity, a Class C Felony offense, as charged in Count 21 of the Indictment; Title 18, USC §1957, Money Laundering - Transacting In Property Derived From Unlawful Activity, a Class C Felony offense, as charged in Count 135 of the Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **SIXTY (60) MONTHS** on Count 1, **ONE HUNDRED TWENTY ONE (121) MONTHS** on Count 21 and **ONE HUNDRED TWENTY (120) MONTHS** on Count 135, said counts to run concurrently, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Counts 1, 21 and 135, said counts to run concurrently. The Court departed upward for knowing endangerment of insolvency under the commentary to §2F1.1(b) (1997 Manual) and under §5K2.0 for the vulnerability of victims to an exceptional degree.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed on motion of the United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $300.00    **FINE:** $0.00    **RESTITUTION:** $0.00

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $300.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 1s, 21 and 135 of the Indictment.

EXHIBIT 7(A)

CR 03-00115-001-PHX-DGC                                                                    Page 2 of 3
USA vs. Robert Roy Dillie

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THREE (3) YEARS** on Counts 1, 21 and 135, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(5) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be

EXHIBIT 7(A)

CR 03-00115-001-PHX-DGC  Page 3 of 3
USA vs. Robert Roy Dillie

    occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.

16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

2. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

3. You shall provide the probation officer access to any requested financial information.

4. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5. You shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

6. You shall cooperate with the Internal Revenue Service and pay all tax liabilities. You shall file timely, accurate and lawful income tax returns and provide proof to the probation officer.

7. You are restricted from engaging in the following occupation, business, or profession: sales or promotion of insurance and/or financial investment and retirement instruments.

8. You are prohibited from gambling.

9. You shall abstain from all use of alcohol or alcoholic beverages.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

                                                                                                    EXHIBIT 7(A)

CR 03-00115-001-PHX-DGC                                                               Page 4 of 3
USA vs. Robert Roy Dillie

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons.

The defendant shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons or United States Marshal by 3:00 p.m. on 4/14/06.

Date of Imposition of Sentence: **Monday, March 13, 2006**

_David G. Campbell_
David G. Campbell
United States District Judge

DATED this 22nd day of March, 2006.

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____     By:_____
United States Marshal                                      Deputy Marshal

CC: USA/CNSL(Craig Orent)/PROB(2)/PTS/FIN/JUDGE/USM(2 certified)/Order Book

CR 03-00115-001-PHX-DGC - Dillie                                                    3/20/06 11:32am

4-11-06

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
_____ Deputy

EXHIBIT 7(A)