**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lawrence J. Warfield, Receiver, | ) | No. CV 03-2390-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael Alaniz, et al., | ) | |
| Defendants. | ) | |

Pending before the Court are Defendant's Motion to Amend Judgment (Doc. # 580) and Plaintiff's Motion to Amend Judgment (Doc. # 582).  The Court now rules on the motions.

Both Plaintiff Receiver ("the Receiver") and Defendant Paul Richard ("Richard") move to amend the judgment entered by this Court on February 28, 2007, following a jury trial.  The verdict favors Plaintiff on five of nine causes of action, and grants judgment for Plaintiff in the amount of the highest verdict for each of the six individual defendants.[1]

---

[1] While the Court's original judgment pertains to six different defendants, only Defendant Richard filed a motion to amend his individual judgment of $64,700.

I.      DEFENDANT'S MOTION

Defendant Richard requests the Court to reduce the $64,700 judgment against him, seeking relief based on a consent judgment with the State of Maine, which required him to pay $23,000 in restitution for Mr. Smith Theimann ("Theimann") after Defendant sold CGAs to Theimann.  Defendant alleges that the Court should consider the Maine judgment as payment toward the $64,700 judgment in the instant case, relying upon Federal Rules of Civil Procedure 59(e) and 60(b)(5) for support.[2]

Rule 59(e) allows a party to file a motion to alter or amend the judgment in a case within a specified time.[3]  Case law further explains that relief under Rule 59(e) is appropriate: 1) to accommodate an intervening change in controlling law, 2) to account for new evidence not available at trial, or 3) to correct a clear error of law or prevent manifest injustice. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).  Defendant seeks relief under Rule 59(e) alleging only that the failure to reduce his judgment is a clear error of law, or will result in manifest injustice.  He also alleges that the Court erred by not admitting an amended judgment from the State of Maine into evidence at trial.

The Court stands by its decision to exclude evidence of an amended judgement from the State of Maine,[4] since Defendant failed to disclose the document as a trial exhibit. Moreover, Defendant concedes the Court admitted the original Maine consent judgment into evidence and that he testified to the jury that the judgment was restitution for Theimann in the amount of $23,000.  A potential offset effect was or could have been considered by the

---

[2]The Court recognizes Defendant's argument pursuant to Rule 60(b)(5), not to 60(a)(5) as listed in Defendant's motion (Doc. # 580 at 1).

[3]Defendant appropriately filed the present motion within 10 days after the entry of judgment.

[4]Defendant states that the amended consent judgment from Maine, dated January 20, 2004, changed only the person to whom payment was directed.

1    jury, and ample evidence exists for the jury to reject such a contention.[5]  Any evidence that

2    Theimann actually received some or all of the consent judgment amount appears speculative

3    at best.  Upon the weight of the evidence, the Court does not believe that to leave Defendant's

4    judgment as it stands amounts to a manifest injustice.

5         Also, the Court also cannot find that the judgment in this case has been partially

6    satisfied by the alleged payment of the Maine judgment.  Rule 60(b)(5) states that "the court

7    may  relieve  a  party...from  a  final  judgment...[if]  the  judgment  has  been  satisfied."

8    Defendant, however, does not allege satisfaction of the $64,700 judgment rendered against

9    him *in this case*.  He argues only that the judgment should be reduced based on a belief that

10   the jury did not take into account a prior judgment in a different jurisdiction.  Therefore,

11   judgment stands in the amount of $64,700 against Defendant Richard.

12   II.    PLAINTIFF'S MOTION

13        Plaintiff Receiver seeks four amendments to the judgment entered on February 28,

14   2007, pursuant to Federal Rule of Civil Procedure 60(a), or Rule 59(e), alternatively.

15   Plaintiff contends that 1) the judgment should include the marital communities of Defendants

16   Bestgen, Crosswell and Wehrly, 2) the judgment should include postjudgment interest at the

17   federal rate of 5.05%, 3) the judgment should include taxable costs for the Plaintiff as the

18   prevailing party, and 4) the judgment should include prejudgment interest.  Plaintiff's motion

19   remains unopposed.

20        Rule 60(a) allows the Court to correct any clerical mistakes or omissions in the

21   judgment, limited only by the docketing of an appeal in the appellate court.  Here, the case

22   has not been docketed in the appellate court due to the instant pending Rule 59(e) motions

23

24

25

26

27        [5]  The Court finds no prima facie duplication of judgments in light of Defendant's
     combined judgments of $87,700, compared with Defendant's total receipt of $143,866.94 in
28   commissions from the sale of CGAs to Theimann (Doc. # 587 at 2).

1    by both parties.  Alternatively to Rule 60(a), Rule 59(e) allows a party to file a motion to

2    alter or amend the judgment in a case within a specified time.[6]

3            A.  Marital Communities and Postjudgment Interest - Clerical Errors

4            The Court agrees that the judgment should include marital communities, the absence

5    of which is a clerical error.  The spouses of Defendants Bestgen, Crosswell and Wehrly were

6    named Defendants in the case, and will be named in an amended judgment.  Also, the Court

7    agrees that the exclusion of postjudgment interest was a clerical error, and the amended

8    judgment will include postjudgment interest at a rate of 5.05%, pursuant to 28 U.S.C. §

9    1961(a).

10           B.  Taxable Costs

11           Plaintiff also requests taxable costs as the prevailing party.  *See* Rule 54(d), L.R.Civ.

12   To determine which party prevailed, the Court considers the "totality of the litigation."  *See*

13   *All Am. Distrib. Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir. 1984).  Here,

14   although Plaintiff did not succeed on each of the nine claims alleged, the jury found for

15   Plaintiff and awarded damages on more than half of the claims.  *See K-2 Ski Co. v. Head Ski*

16   *Co. Inc.*, 506 F.2d 471, 476-77 (9th Cir. 1974) (finding that the prevailing party need not

17   sustain the entire claim, as long as "the judgment is rendered for him").  The totality of the

18   litigation renders Plaintiff the prevailing party, which the amended judgment will reflect

19   pursuant to Rule 60(a).

20           C.  Prejudgment Interest

21           Finally, Plaintiff requests prejudgment interest, analyzed under either state or federal

22   law, pursuant to Rule 59(e).  The standards for an award of prejudgment interest and the

23   interest rate used vary according to the Court's jurisdiction.  In a diversity action, state law

24   determines the appropriateness of prejudgment interest, as well as the applicable interest rate.

25   *Northrop Corp. v. Triad Int'l Marketing S.A.*, 842 F.2d 1154, 1154 (9th Cir. 1988) (finding

26

27           [6]Plaintiff appropriately filed the present motion within 10 days after the entry of

28   judgment.

that state law determines the rate of prejudgment interest in a diversity action); *Landsberg v. Scrabble Crossword Game Players*, 802 F.2d 1193, 1200 (9th Cir. 1986) (finding  that state law governs the award of prejudgment interest in a diversity action).  When a court maintains federal question jurisdiction, it has broad discretion over the award of prejudgment interest, and if applicable, may base the calculated interest on the federal rate pursuant to 28 U.S.C. § 1961(a).  *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984) (holding that the rate specified in 28 U.S.C. § 1961(a) applies to prejudgment interest claims, subject to the equities of each particular case*); Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971) (holding that the determination of prejudgment interest is a "question of fairness, lying within the Court's sound discretion to be answered by balancing the equities").

Here, the Court looks to federal law to determine both the appropriateness of prejudgment interest as well as the applicable rate, mindful of the fact that prejudgment interest "is an element of compensation, not a penalty."  *See Western Pacific*, 730 F.2d at 1288.  Since this case arose as a federal securities action, and because Plaintiff received a verdict on both state and federal law causes of action, the Court finds analysis under federal law most suitable.  *See ECDC Envtl., L.C. v. New York Marine & Gen. Ins. Co.*, 1999 WL 595450, at *11 (S.D.N.Y. Aug. 6, 1999) ("In such circumstances, where the Court has both diversity and federal question jurisdiction over the relevant claim, the Court has the discretion to apply the federal pre-judgment interest standard.").

Under federal law, the Court agrees that the equities of the case balance in favor of permitting a prejudgment interest award.  Fairness dictates that Plaintiff, and ultimately the victims of the securities fraud, should receive such an award to provide full and adequate compensation based on the time value of money and loss of investment opportunity.  Also, Defendant never suggested that Plaintiff caused any unreasonable delay in prosecution, which would disfavor prejudgment interest.  Therefore, the Court will include a prejudgment interest award in the amended judgment at the federal rate of 5.05%.  *See Nelson v. EG&G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994) (finding that the

Treasury bill interest rate "reasonably reflects the conservative investment income the plaintiffs would have been able to have earned"). The Court agrees with Plaintiff that the prejudgment interest award should commence from the date of each Defendants' last commission payment receipt, instead of the first, for fairness and clarity's sake. The amended judgment will reflect the addition of prejudgment interest at the federal rate, pursuant to Rule 59(e) and Plaintiff's prejudgment interest calculation table (Doc. # 582-2, Ex. 1).

III.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendant Richard's Motion to Amend Judgment (Doc. # 580).

**IT IS FURTHER ORDERED** granting, in part, Plaintiff's Motion to Amend Judgment (Doc. # 582), which amends Document #578. Plaintiff's Motion for Ruling on Receiver's Unopposed Motion (Doc. # 597) is therefore denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter an Amended Final Judgment as follows:

As to defendant Leonard Bestgen and his marital community with Elizabeth (aka Betty) Bestgen,

Inasmuch as the Verdicts are on the following claims in the following amounts: Federal Securities Laws claim $1,000; Constructive Fraud claim $10,400; Negligence per se claim $32,000; Arizona Securities Laws claim $10,400; and Unjust Enrichment claim $1,000; and inasmuch as these amounts are not cumulative; accordingly, IT IS ORDERED that Judgment is entered in favor of the Receiver, Lawrence J. Warfield, in the amount of the highest verdict, $32,000, plus postjudgment interest from February 28, 2007 at the rate of 5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of $12,990.

1

        <u>As to defendant Robert Carroll,</u>

2

        Inasmuch as the Verdicts are on the following claims in the following amounts:

3

Federal Securities Laws claim $800; Constructive Fraud claim $8,300; Negligence per se

4

claim $37,000; Arizona Securities Laws claim $8,300; and Unjust Enrichment claim $800;

5

and inasmuch as these amounts are not cumulative; accordingly, IT IS ORDERED that

6

Judgment is entered in favor of the Receiver, Lawrence J. Warfield, in the amount of the

7

highest verdict, $37,000, plus postjudgment interest from February 28, 2007 at the rate of

8

5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of

9

$12,360.

10

        <u>As to defendant Rudy Crosswell and his marital community with Mary Croswell,</u>

11

        Inasmuch as the Verdicts are on the following claims in the following amounts:

12

Federal Securities Laws claim $700; Constructive Fraud claim $7,100; Negligence per se

13

claim $31,900; Arizona Securities Laws claim $7,100; and Unjust Enrichment claim $700;

14

and inasmuch as these amounts are not cumulative; accordingly, IT IS ORDERED that

15

Judgment is entered in favor of the Receiver, Lawrence J. Warfield, in the amount of the

16

highest verdict, $31,900, plus postjudgment interest from February 28, 2007 at the rate of

17

5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of

18

$12,910.

19

        <u>As to defendant Charles Davis,</u>

20

        Inasmuch as the Verdicts are on the following claims in the following amounts:

21

Federal Securities Laws claim $2,000; Constructive Fraud claim $19,900; Negligence per

22

se claim $109,900; Arizona Securities Laws claim $19,900; and Unjust Enrichment claim

23

$2,000; and inasmuch as these amounts are not cumulative; accordingly, IT IS ORDERED

24

that Judgment is entered in favor of the Receiver, Lawrence J. Warfield, in the amount of the

25

highest verdict, $109,900, plus postjudgment interest from February 28, 2007 at the rate of

26

5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of

27

$39,305.

28

1      <u>As to defendant Paul Richard,</u>

2      Inasmuch as the Verdicts are on the following claims in the following amounts:

3 Federal Securities Laws claim $1,400; Constructive Fraud claim $14,300; Negligence per

4 se claim $64,700; Arizona Securities Laws claim $14,300; and Unjust Enrichment claim

5 $1,400; and inasmuch as these amounts are not cumulative; accordingly, IT IS ORDERED

6 that Judgment is entered in favor of the Receiver, Lawrence J. Warfield, in the amount of the

7 highest verdict, $64,700, plus postjudgment interest from February 28, 2007 at the rate of

8 5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of

9 $23,139.

10      <u>As to defendant Patrick Wehrly and his marital community with Andrea Wehrly,</u>

11      Inasmuch as the Verdicts are on the following claims in the following amounts:

12 Federal Securities Laws claim $700; Constructive Fraud claim $7,100; Negligence per se

13 claim $39,000; Arizona Securities Laws claim $7,100; and Unjust Enrichment claim $700;

14 and inasmuch as these amounts are not cumulative; accordingly, IT IS ORDERED that

15 Judgment is entered in favor of the Receiver, Lawrence J. Warfield, in the amount of the

16 highest verdict, $39,000, plus postjudgment interest from February 28, 2007 at the rate of

17 5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of

18 $16,386.

19      **IT IS ORDERED** that Judgment is entered in favor of Defendants Leonard and Betty

20 Bestgen, Robert Carroll, Rudy and Mary Crosswell, Charles Davis, Paul Richard and Patrick

21 and Andrea Wehrly with respect to Plaintiff's Negligence claim, Conversion claim, Uniform

22 Fraudulent Transfers Act §44-1004A(1) claim, and Uniform Fraudulent Transfers Act § 44-

23 1004A(2) claim.

24      DATED this 16th day of July, 2007.

25

26      _____

27      James A. Teilborg
        United States District Judge

28