UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, as Receiver,<br><br>  Judgment Creditor,<br><br>vs.<br><br>Michael Alaniz; Charles Davis; et al.,<br><br>  Judgment Debtors, | No. CV-03-2390-PHX-JAT (LOA)<br><br>**REPORT AND RECOMMENDATION** |
| Midland National Life Insurance Co.,<br><br>  Garnishee. | |

This matter arises on Judgment-Creditor Lawrence J. Warfield's Amended Application for Judgment on Garnishment and Notice of Lodging Proposed Judgment on Garnishment, filed on December 18, 2007. (docket # 825) Judgment-Creditor Warfield seeks entry of Judgment against Garnishee Midland National Life Insurance Co. in the sum of $1,439.53 of non-earnings purportedly belonging to Judgment-Debtor Charles Davis. The Hon. James A. Teilborg, the assigned District Judge, broadly referred this case to the undersigned "to resolve any issues regarding the writs of garnishment in this matter." (docket # 761 and # 785)

A review of the file indicates that on July 26, 2007, Amended Judgment was entered against Judgment-Debtor Charles Davis and "in favor of the Receiver, Lawrence J. Warfield, in the amount of the highest verdict, $109,900, plus post-judgment interest from February 28, 2007 at the rate of 5.05% per annum, together with costs taxed by the Clerk and prejudgment interest of $39,305." (docket # 624 at 2)  Although a Notice of Appeal has been filed by, among others, Judgment-Debtor Charles Davis and the appeal is pending before the Ninth Circuit, no supersedeas bond has been posted and/or order entered staying execution of the Amended Judgment upon the property of Judgment-Debtor Charles Davis. (docket # 588)

On August 19, 2007, Judgment-Creditor Warfield requested a writ of garnishment against Garnishee Midland National Life Insurance Co., alleging, *inter alia*, "the Garnishee is believed to be an employer of the Judgment-Debtor [Charles Davis] or otherwise owes or will owe to the Judgment-Debtor disposable earnings." (docket # 654 at ¶ 4)  This writ indicates that the total amount due to Judgment-Creditor Warfield from Judgment-Debtor Charles Davis as of August 20, 2007 is $174,652.17.  (*Id*. at 2)

On December 18, 2007, Judgment-Creditor Warfield filed the subject Amended Application, seeking a Judgment on Garnishment for non-earnings against Garnishee Midland National Life Insurance Co. stating Judgment-Creditor Warfield mailed, among other pleadings, the Garnishee's Answer to the Judgment-Debtor and Judgment-Creditor. (docket #820 at d)   The filed but unverified Answer of Garnishee Midland National Life Insurance Co. attaches Garnishee's Nonexempt Earnings Statement indicating, *inter alia*, that at the time the writ was served, Garnishee was indebted to "the

judgment debtor"[1] in the total sum of $1,439.53 [for non-earnings] and that copies of the Garnishee's Answer, Nonexempt Earnings Statement, Request for Hearing on Nonexempt Earnings Statement, Writ of Garnishment and Summons, Application for Writ of Garnishment, underlying Judgment, Taxation of Costs Order were mailed to Judgment-Debtor Charles Davis on November 16, 2007. (*Id.* at 1-3)

Further, Judgment Creditor's Amended Application for Judgment on Garnishment (docket #825) states at least ten days has passed since the Garnishee's Answer was filed and Judgment-Creditor has not yet received an objection to the Answer. Accordingly, Judgment-Creditor requests the Court to enter a Judgment on Garnishment. A copy of the proposed Judgment on Garnishment is attached to Judgment-Creditor's Amended Application as Exhibit 1.

On December 20, 2007, Judgment-Creditor Lawrence J. Warfield filed a Certificate of Mailing, docket #826, indicating that on December 20, 2007 a true and correct copy of the Amended Application for Judgment on Garnishment and Notice of Lodging Proposed Judgment on Garnishment, dated December 18, 2007, was mailed to Judgment-Debtor Charles Davis.

Generally, a federal writ of garnishment is governed by the law of the state in which the district court sits. Fed.Rule Civ.P. 69(a)[2]; *Hilao v. Estate of Marcos*, 95 F.3d

---

[1] The Garnishee's Answer does not specifically identify the "judgment debtor" but the December 18, 2007 Proposed Judgment on Garnishment indicates the judgment-debtor is Defendant Charles Davis. (docket # 825 at 5)

[2] Rule 69(a), FED.R.CIV.P., provides in relevant part:

848 (9th Cir. 1996). Arizona's statutory scheme regarding garnishment of non-earnings and garnishment of earnings are located at Arizona Revised Statutes ("A.R.S.") §§ 12-1571-1597 and §§ 1598-1598.17.[3] Under Arizona law, "garnishment reaches only debts existing at the time of the service of the writ." *Reeb v. Interchange Resources, Inc. of Phoenix*, 106 Ariz. 458, 478 P.2d 82, 83 (Ariz. 1970). "[I]t is well settled in Arizona that the rights of a garnishor-creditor to assets in the hands of a garnishee are no greater than rights of the defendant-debtor to those assets." *Mid-State Electric Supply Co. v. Arizona Title Insurance & Trust Co.*, 123 Ariz. 130, 598 P.2d 108, 110 (Ariz. App. Ct. 1979) (citing *Ellery v. Cumming*, 40 Ariz. 512, 14 P.2d 709 (Ariz. 1932)).

Under Arizona law, a "party who has an objection to the writ of garnishment [of non-earnings], the answer of the garnishee or the amount held by the garnishee or a party claiming an exemption from garnishment" may file a "written objection and request a hearing" "not later than ten days after receipt of the answer." A.R.S. § 12-1580(A); 12-1598.07(A) for earnings. "One purpose of [such a] hearing is to determine whether the garnishee was indebted to the judgment debtor when the writ was served." *Able*

---

> In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution **shall be in accordance with the practice and procedure of the state in which the district court is held**, existing at the time the remedy is sought,. . . . (emphasis added).

[3] In 1985, Arizona's post-judgment garnishment procedures were held unconstitutional in *Neeley v. Century Fin. Co.*, 606 F.Supp. 1453, 1469-70 (D. Ariz. 1985). In 1986, the Arizona legislature extensively amended §§ 12-1571 *et seq.* and added new provisions governing the garnishment of earnings. A.R.S. §§ 12-1598 *et seq.*; *Frazer, Ryan, Goldberg Keyt & Lawless v. Smith*, 184 Ariz. 181, 183, 907 P.2d 1384, 1386 (Ariz. App. 1995).

- 4 -

*Distributing Co., Inc. v. James Lampe, General Contractor*, 160 Ariz. 399, 403, 773 P.2d 504, 508 (Ariz. App. Ct. 1989). If the answer of the garnishee "shows that the garnishee was indebted to the judgment debtor at the time of service of the writ, and no objection to the writ or answer is timely filed, on application by the judgment creditor the court shall enter judgment on the writ against the garnishee for the amount of the nonexempt monies of the judgment debtor owed or held by the garnishee at the time of service of the writ." A.R.S. § 12- 1584(B). Under Arizona's garnishment statute, a presumption exists "that a document has been received five days after it is mailed." A.R.S. § 12- 1597(A).

        The Court finds that Judgment-Creditor Warfield has properly complied with Arizona's garnishment statutes regarding the subject Writ of Garnishment for non-earnings. Judgment-Debtor Charles Davis presumptively received notice of the Writ of Garnishment and the Application for Judgment on Garnishment as Judgment Debtor Davis' counsel was also endorsed on the District Court's filings. A.R.S. § 12- 1597(A). Moreover, the Court finds that such notice is "reasonably calculated under all the circumstances to apprise [Judgment-Debtor Charles Davis] of the pendency of the [garnishment] action and afford [him] an opportunity to present [his] objections." *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978); *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). Judgment-Debtor Charles Davis has not filed an objection to this writ of garnishment or Application for Judgment on Garnishment, much less a timely one. The undersigned recommends that Judgment-Creditor Warfield's

/ / /

/ / /

Application for Judgment on Garnishment be granted and that the proposed Judgment on Garnishment be signed and entered by the Hon. James A. Teilborg, the assigned District Judge.

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Judgment-Creditor Warfield's Amended Application for Judgment on Garnishment, docket # 825, against Garnishee Midland National Life Insurance Co. be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Hon. James A. Teilborg sign and enter the proposed Judgment on Garnishment against Garnishee Midland National Life Insurance Co. in the total sum of $1,439.53.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  28 U.S.C. § 636(b)(1); Rules 72, 6(a) and (e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to this Magistrate Judge's Report and Recommendation may result in the acceptance of this Report and Recommendation by the assigned District Judge without further review.  *United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection.").  Failure to timely file

objections to any factual determinations of this Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of January, 2008.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge