**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Warfield, as Receiver,<br><br>Judgment Creditor,<br><br>vs.<br><br>Michael Alaniz; Robert Carroll; et al.,<br><br>Judgment Debtors,<br><br>Penn Treaty Network America Insurance Co.,<br><br>Garnishee. | No. CV-03-2390-PHX-JAT (LOA)<br><br>**ORDER TO SHOW CAUSE** |

This matter arises on Judgment-Creditor Lawrence J. Warfield's Application for Judgment on Garnishment and Notice of Lodging Proposed Judgment on Garnishment, filed on December 26, 2007. (docket # 827) Judgment-Creditor Warfield seeks entry of Judgment against Garnishee Penn Treaty Network America Insurance Co. ("Penn Insurance"), in the sum of $350.25 which purportedly represents non-earnings belonging to Judgment-Debtor Robert Carroll held by Penn Insurance. Plaintiff Warfield and Garnishee Penn Insurance also stipulate and agree that because "Garnishee anticipates additional monies may be paid to Judgment Debtor [Robert Carroll]," that a

form of Garnishment Judgment be entered that provides that Garnishee Penn Insurance shall pay to Plaintiff Warfield "any money due Robert Carroll payable by the Garnishee." *Id*. at 2-3. Judgment-Debtor Robert Carroll has neither filed an objection to the Application or proposed order nor stipulated in writing to the subject garnishment and request for a continuing lien.

On August 24, 2007, Plaintiff Warfield served Garnishee Penn Insurance with writs of garnishment for both earnings and non-earnings of Judgment-Debtor Robert Carroll. (docket # 774; Exhibit ("Exh") 4)  Answering only the Writ of Garnishment for Non-Earnings, Garnishee Penn Insurance indicates that the money it currently owes Judgment-Debtor Robert Carroll are "Non-Earnings" and represents "two commission checks (totaling $341.28)," presumably earned by Judgment-Debtor Robert Carroll selling Garnishee's insurance product. (docket # 798 at 1, 3)  Plaintiff Warfield's Application contends that "Garnishee does not consider the Judgment Debtor an employee, but rather an independent contractor." (docket # 827 at 2)  No such representation, however, is made in Garnishee's verified Answer nor does Garnishee's Answer state "[w]hether the judgment debtor was employed by the garnishee on the date the writ was served" as required by A.R.S. § 12-1598.08(B)(1). The significance of whether Garnishee Penn Insurance is holding earnings owed or belonging to Judgment-Debtor Robert Carroll is that A.R.S. § 33-1131(B)[1] exempts 75% of his "disposable

---

[1] A.R.S. § 33-1131(B) provides:

B. Except as provided in subsection C, the maximum part of the disposable earnings of a debtor for any workweek which is subject to process may not exceed twenty-five per cent of disposable earnings for that week or the amount by which disposable earnings for that

- 2 -

earnings" from a judgment-creditor's garnishment. In Arizona, "disposable earnings" include "a debtor's wages, salary or compensation for his personal services, including bonuses and *commissions* . . . ." A.R.S. § 33-1131(A) (emphasis added).

Arizona's statutes distinguish garnishment of "earnings" from garnishment of "monies which are not earnings." *Frazer, Ryan, Goldberg, Keyt & Lawless v. Smith*, 184 Ariz. 181, 183, 907 P.2d 1384, 1386 (Ariz. Ct. App.1995).  A.R.S. § 12-1598.01 provides that its provisions apply "to indebtedness owed to a judgment debtor by a garnishee for monies which are earnings as defined in § 12-1598, paragraph 4." A.R.S. § 12-1598 (4) defines "Earnings" as:

> compensation paid or payable for personal services, whether these payments are called wages, salary, *commission*, bonus or otherwise. Earnings include periodic payments pursuant to a pension or retirement program.

A.R.S. § 12-1598(4) (emphasis added). Moreover, A.R.S. § 12-1598.01(B) does not expressly exclude the garnishment of an independent contractor's earnings (commissions) from Arizona's statutory scheme which seeks to protect a portion of a worker's earnings. As to a request for a continuing lien which eliminates a writ every time a worker or commission is paid, Arizona law sets for the requirements, procedure and limitations on a continuing garnishment lien. A.R.S. §§ 1598.10-12.  Plaintiff Warfield's Application makes no reference to this authority and how it complies with Arizona law.

Generally, a federal writ of garnishment is governed by the law of the state

---

week exceed thirty times the minimum hourly wage prescribed by federal law in effect at the time the earnings are payable, whichever is less.

- 3 -

in which the district court sits. Fed.Rule Civ.P. 69(a)[2]; *Hilao v. Estate of Marcos*, 95 F.3d 848 (9th Cir. 1996).  It appearing that Plaintiff Warfield's Application and proposed order may not comply with Arizona law,

**IT IS ORDERED** that Judgment-Creditor Warfield show cause is writing with citation to controlling case law and statutory authority **on or before Tuesday, February 19, 2008** why this Court should not recommend to the assigned District Judge that Judgment-Creditor Lawrence J. Warfield's Application for Judgment on Garnishment, docket # 827, be denied.

Dated this 4th day of February, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

---

[2] Rule 69(a), FED.R.CIV.P., provides in relevant part:

> In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution **shall be in accordance with the practice and procedure of the state in which the district court is held**, existing at the time the remedy is sought,. . . . (emphasis added).

- 4 -